# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**GLORIA WASHINGTON,**
  **PLAINTIFF,**

**VS.**            **CIVIL ACTION NO.** 3:21cv223-MPM-RP

                  **JURY TRIAL DEMANDED**

**MGM RESORTS MISSISSIPI LLC**
**D/B/A GOLDSTRIKE CASINO AND HOTEL,**
**JOHN DOE COMPANY 1-10, AND JOHN DOE 1-10,**
  **DEFENDANTS.**

## COMPLAINT FOR DAMAGES AND OTHER RELIEF

COMES NOW, Plaintiff, Gloria Washington, by and through the undersigned attorney, and files this her *Complaint for Damages and Other Relief* against Defendants, MGM Resorts Mississippi d/b/a Goldstrike Casino and Hotel, John Doe Company 1-10, and John Doe 1-10, and would show unto this Court the following:

### NATURE OF THE ACTION

This action arises out of injuries sustained by Plaintiff, Gloria Washington, during her stay at Goldstrike Casino and Hotel on October 20, 2018, and November 11, 2018, in Robinsonville, Tunica County, Mississippi. Plaintiff was severely bitten multiple times by insects commonly known as "bed bugs." The scientific name for these insects is *cimex lectularius*. As a result of these bites, Plaintiff suffered and continues to suffer physical and emotional injury. This action involves

willful and wanton conduct by Defendants in total disregard for the health and safety of Plaintiff and other business invitees. Even after Plaintiff complained of bed bug bites to Defendants on October 20, 2018, she received more bed bug bites when she stayed at the hotel on November 11, 2018. The physical and emotional injuries sustained by Plaintiff along with the actual notice Defendant received that it had a bed bug infestation in its hotel, mandates the imposition of punitive damages in order to punish Defendants for their conduct and to deter this reckless behavior in the future.

## PARTIES

1. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though they were fully incorporated below.

2. Plaintiff is an adult resident of Memphis, Shelby County, Tennessee and currently resides at 4464 Dawn Oaks Cove, Memphis, Shelby County, Tennessee, 38125.

3. Defendants, MGM Resorts Mississippi d/b/a/ Goldstrike Casino and Hotel (hereinafter referred to as "Goldstrike"), upon information and belief is a corporation organized and existing under the laws of the State of Mississippi, and whose principal place of business is located at 1010 Casino Center Drive, Robinsonville, Tunica County, Mississippi, 38664. Upon information and belief, Goldstrike may be served through its registered agent, Anthony del Vescovo at 875 Beach Boulevard, Biloxi, MS 39530.

4. Defendants John Doe Company 1-10 is a corporation or other business entity licensed to operate and conduct business in the state of Mississippi, who had the responsibility of inspecting, maintaining, cleaning, clearing and/or exterminating the premises at issue or had the responsibility of teaching, informing, and training the hotel staff to spot a bed bug infestation.

5. Defendants John Doe 1-10 is an individual or entity who had the responsibility of managing the hotel located at Goldstrike Casino at 1010 Casino Center Drive, Robinsonville, Tunica County, Mississippi, and had the responsibility of inspecting, maintaining, cleaning, clearing and/or exterminating the premises at issue or had the responsibility of teaching informing and training the hotel staff to spot a bed bug infestation.

## JURISDICTION AND VENUE

6. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though they were fully incorporated below.

7. This court has subject matter jurisdiction over this cause of action pursuant to Title 28, § 1332 of the United States Code (hereinafter U.S.C.), as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the Defendant may be found in this district.

9. This court has jurisdiction over the subject matter and the parties herein.

## FACTUAL ALLEGATIONS

10. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though they were fully incorporated below.

11. The insect, *climex lectularius* (bed bug), is a blood sucking arthropod, and is commonly associated with substandard housing, filthy conditions, and poor hygiene. Bed bugs live in dirty mattresses, bedding, box springs, window coverings, and inside furniture and upholstery. Bed bugs feed on human and animal blood and can live up to ten (10) months. Bed bugs may leave brown fecal streaks on light colored bedding and have glands that leave an odor

commonly described as "sickeningly sweet raspberries." Bed bugs typically feed every four (4) days and feed on its hosts' blood by using its piercing mouth.

12. At all times relevant to this Complaint, Goldstrike and/or one or more Defendants John Doe or John Doe Companies owned, maintained, controlled, managed, and/or operated the hotel located at Goldstrike Casino located at 1010 Casino Center Drive, Robinsonville, Tunica County, Mississippi.

13. At all times relevant to this Complaint, Goldstrike and/or one or more Defendants John Doe or John Doe Companies had a duty to provide a safe environment for their guests and invitees, free from any hazards or dangerous conditions in order to prevent any injuries to their guests and invitees of their hotel, casino, and entertainment facility.

14. At all relevant times to this Complaint, Goldstrike and/or one or more Defendants John Doe or John Doe Companies had a duty to properly train their hotel employees, agents, and/or contractors in how to properly inspect each hotel room for the presence of bed bugs and how to report such infestations.

15. At all times relevant to this Complaint, Goldstrike and/or one or more Defendants John Doe or John Doe Companies (hereinafter referred to as "Defendants"), had notice that it had a bed bug problem, as other guests had reported bed bug bites to the hotel and multiple persons provided feed back online regarding the bed bug problem.

16. Plaintiff checked into Goldstrike on or around October 20, 2018, in order to attend a Halloween party at the casino. After attending the party Plaintiff went to her room to sleep. When Plaintiff woke up the next morning, she was covered with bites on her arms, legs, and front and back of the trunk of her body.

17. Plaintiff, on the morning of October 21, 2018, upon discovering the bug bites, reported the bites to the front desk of the hotel. Upon information and belief, the front desk employee called for medical assistance and law enforcement to come to the hotel.

18. Plaintiff was inspected by the county EMT/Paramedic and was informed that she had bed bug bites.

19. Plaintiff refused transport to the nearest hospital but sought medical treatment from her personal medical provider.

20. Plaintiff's medical provider confirmed that Plaintiff had been bitten multiple times by bed bugs and provided her with treatment for her pain, itching, and discomfort.

21. Plaintiff reported the October 20, 2018, incident to her casino host.

22. Plaintiff returned to Goldstrike on November 11, 2018 and was offered a hotel room to stay the night.

23. Plaintiff woke up the next morning with bed bug bites over her legs, arms, and trunk of her body.

24. Plaintiff, on the morning of November 12, 2018, reported the bites to a hotel employee who in turn contacted law enforcement and county medical personnel.

25. Plaintiff was inspected by county EMT/Paramedics and was informed that she had again been bitten by bed bugs.

26. Plaintiff refused to be transported to the local hospital and sought treatment with her own personal physician.

27. Both incidents, October 20, 2018, and November 11, 2018, caused Plaintiff physical pain, severe itching and scratching, embarrassment, humiliation, anxiety, mental anguish, and scarring.

28. Because of the negligence of Goldstrike and/or Defendants John Doe and John Doe Company, Plaintiff has difficulty falling asleep at night for fear that she will be bitten by bed bugs again.

29. Because of the negligence of Goldstrike and/or Defendants John Doe and John Doe Company, Plaintiff suffered economic damages. Plaintiff incurred medical expenses and had to dispose of her clothing and luggage she had with her at Goldstrike.

## COUNT I, NEGLIGENCE

30. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though they were fully incorporated below.

31. Defendants owed a duty to Plaintiff and those persons lawfully on the premises to ensure that nothing unjustifiably interferes with a guest's use and enjoyment of his or her hotel room.

32. Defendants owed a duty to Plaintiff and those persons lawfully on the premises to provide a reasonably safe environment for those persons, including your Plaintiff, to ensure that each hotel room was free of a bed bug infestation.

33. Defendants owed a duty to Plaintiff and those persons lawfully on the premises to properly manage and/or maintain the facilities and to provide a habitable hotel room ensuring that the rooms being offered to their guests are suitable for humans to occupy.

34. Defendants owed a duty to Plaintiff and those persons lawfully on the premises to ensure that it does not cause and/or permit a dangerous and hazardous condition to exist in its hotel rooms.

35. Defendants owed a duty to Plaintiff and those persons lawfully on the premises to properly inspect the hotel facilities in order to ensure that bed bugs are not present in the hotel

rooms and if there are bed bugs in a hotel room to take the necessary steps to eradicate the bed bugs and eliminate the infestation.

36. Defendants owed a duty to Plaintiff and those persons lawfully on the premises to warn its guests of the dangerous condition existing on its premises.

37. Defendants either through their own inspection, upon hearing guest complaints, or through online complaints knew or should have known of the presence of bed bugs in the hotel room and failed to exercise due care.

38. Defendants have a duty to educate, train, employ, supervise, and/or manage their employees, and/or agents in how to correctly spot signs of bed bug infestation, how to inspect the entire hotel room, how to check the bedding and floors, how to report any findings of infestation and/or how to properly exterminate the rooms in order to avoid injury to their invitees.

39. Both incidents, October 20, 2018, and November 11, 2018, resulted from the negligence and carelessness of Defendants, their authorized agents, contract agents, and/or employees.

40. Defendants allowed a dangerous condition to exist on its premises, in complete disregard for the health and safety of your Plaintiff and other persons lawfully on the premises.

41. Defendants were negligent and careless and breached its duty to Plaintiff in failing to ensure that the hotel room provided was safe and habitable. Defendants failed to provide hotel rooms which were suitable for humans to occupy and failed to properly maintain and inspect the hotel rooms to ensure nothing interfered with the guests use and enjoyment of the hotel room. By failing to warn its guests of the presence of bed bugs in the hotel rooms and in failing to clean and/or exterminate the facilities in order to ensure that bed bugs were not present, Defendants created a threat to Plaintiff's and other guests' health.

42. Defendants breached their duty to Plaintiff by failing to properly educate, train, employ, supervise, and manage its employees and agents on how to conduct a proper inspection of a hotel room, to spot the presence of bed bugs, how to deal with an infestation of bed bugs, how to report positive findings of bed bugs and/or how to exterminate its hotel rooms which resulted in bed bugs being present in Plaintiff's hotel room on two occasions and causing Plaintiff to suffer numerous bed bug bites.

43. As a direct and proximate result of Defendants' negligence and carelessness and as a direct and proximate result of Defendants' breach of duty, Plaintiff was caused to be severely and permanently injured.

44. As a direct and proximate result of Defendants' negligence and as a direct and proximate result of Defendants' breach of duty, Plaintiff suffered permanent injuries due to the numerous bed bug bites she received on October 20, and November 11, 2018. Plaintiff also suffered from severe scratching, itching, permanent scarring, difficulty sleeping, humiliation, embarrassment, anxiety, and emotional distress. Plaintiff suffered economic damages due to Defendants' negligence, carelessness, and breach of duty.

WHEREFORE, Plaintiff demands Judgment against Defendants Goldstrike, John Doe Company 1-10, and John Doe 1-10, joint and severally, for damages, for punitive damages, attorney's fees, costs of suit, and other relief as a result of Defendants' negligence and breach of duty to Plaintiff.

**COUNT II, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

45. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though they were fully incorporated below.

46. Defendants knew or should have known that its failure to exercise due care in maintaining and inspecting its hotel rooms, in training its staff and employees to detect any bed bug infestations, and in allowing a dangerous condition to exist and failing to warn of such dangerous condition could cause a hotel guest, such as your Plaintiff, who wakes up to multiple bed bug bites on two separate occasions, to suffer severe emotional distress.

47. Defendants failed to exercise due care and allowed a dangerous condition to be present on its premises.

48. Because your Plaintiff received numerous bed bug bites on two separate occasions, Plaintiff suffers from fear and anxiety. Plaintiff has scarring due to the bed bug bites and has problems sleeping through the night. Plaintiff did not have scarring and difficulty sleeping before she was bitten by bed bugs in Defendants' hotel room.

49. As a direct and proximate result of Defendants' negligence, Plaintiff suffered permanent injuries and scarring. Plaintiff suffered severe itching, scratching, difficulty sleeping, humiliation, embarrassment, anxiety, mental anguish and emotional distress as a result of being bitten by bed bugs in the Goldstrike hotel on October 20, and November 11, 2018. Plaintiff also suffered economic damages because of Defendants' negligence.

WHEREFORE, Plaintiff demands Judgment against Defendants Goldstrike, John Doe Company 1-10, and John Doe 1-10, joint and severally, for damages, attorney's fees, costs of suit, and other relief as a result of Defendants' negligence and breach of duty to Plaintiff causing Plaintiff severe emotional distress.

### COUNT III, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though they were fully incorporated below.

51. Defendants had actual and constructive knowledge of the ongoing presence of bed bugs in its hotel rooms and owed a duty of care to your Plaintiff and other persons lawfully on its premises and to warn Plaintiff of such dangerous conditions.

52. By ignoring and avoiding the dangerous condition present at the hotel and on its premises, by failing to warn its hotel guests of the bed bugs, Defendants were reckless and acted in deliberate disregard of the high degree of probability that guests would suffer from bed bug bites and the emotional distress to follow.

53. Due to Defendants extreme and outrageous behavior, Plaintiff was placed in a hotel room that Defendants knew or should have known was infested with bed bugs.

54. Due to the numerous bed bug bites your Plaintiff received on two occasions, Plaintiff suffers from fear and anxiety. Your Plaintiff has problems falling asleep at night due to the bed bug bites received at Goldstrike hotel.

55. As a direct and proximate result of Defendants' reckless acts, Plaintiff suffers from severe emotional distress, humiliation, embarrassment, anxiety and mental anguish.

56. As a direct and proximate result of Defendants' reckless acts, your Plaintiff suffered economic damage.

57. Because Defendants acts and/or omissions were in wanton and willful disregard of those persons who foreseeable might be harmed, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff demands Judgment against Defendants Goldstrike, John Doe Company 1-10, and John Doe 1-10, joint and severally, for punitive damages, attorney's fees, costs of suit, and other relief as a result of Defendants' negligence and breach of duty to Plaintiff causing Plaintiff severe emotional distress.

**COUNT IV, MALICIOUS, WILLFUL, AND INTENTIONAL BUSINESS PRACTICES**

58. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though they were fully incorporated below.

59. Defendants have a duty to ensure that there is no unreasonable interference with a Plaintiff's use and enjoyment of her hotel room.

60. Defendants have a duty to provide a safe environment for persons lawfully on the premises, including your Plaintiff, and to ensure that each hotel room was free from bed bug infestation.

61. On October 20 and November 11, 2018, Plaintiff was bitten multiple times by bed bugs in her hotel room.

62. Defendants knowingly and deliberately failed to hire, employ, train, manage and supervise its personnel in housekeeping, maid staff, security, and maintenance departments in order to correctly and adequately provide a safe environment for its guests.

63. Defendants knowingly and/or deliberately failed to have appropriate policies, rules, and regulations in effect at the time of these incidents and/or changed its policies which were in place.

64. Defendants knowingly and/or deliberately failed to have adequate procedures, policies, rules, and regulations in place, in effect, at the times of these incidents to prevent bed bugs from reoccurring.

65. The dangerous and defective conditions of the premises owned and/or operated by Defendants caused to exist a nuisance and presented an unreasonable interference with Plaintiff's use and enjoyment of her hotel room.

66. The bed bug infestation presents on October 20 and November 11, 2018, deprived your Plaintiff of a safe, healthy, and comfortable use of the premises.

67. Because Defendants failed to take proper and reasonable precautions and allowed the nuisance to remain in the hotel room even after Plaintiff informed Goldstrike that it had bed bugs, Plaintiff suffered numerous bed bug bites on two occasions.

68. As a direct and proximate result of Defendants'' failure to abate the nuisance, your Plaintiff was seriously and permanently injured.

69. As a direct and proximate result of Defendants' failure to abate the nuisance, Plaintiff suffered permanent injuries due to the numerous bed bug bites she received on October 20 and November 11, 2018. Plaintiff also suffered from severe scratching and itching, permanent scarring, humiliation, embarrassment, anxiety, mental anguish, emotional distress, and economic damage.

WHEREFORE, Plaintiff demands Judgment against Defendants Goldstrike, John Doe Company 1-10, and John Doe 1-10, joint and severally, for damages, for punitive damages, attorney's fees, costs of suit, and other relief as a result of Defendants' failure to abate its malicious, willful, and intentional business practices.

**COUNT V, FRAUDULENT CONCEALMENT**

70. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though they were fully incorporated below.

71. When Goldstrike offered the hotel room to Plaintiff on October 20, 2018, it concealed a material fact that it was under a duty to disclose to Plaintiff, specifically that its hotel room, offered to Plaintiff, was infested with bed bugs.

72. At all times relevant to this Complaint, Defendants were under a duty to disclose such information to Plaintiff.

73.     At all times relevant to this Complaint, Plaintiff placed her trust and confidence in Defendants, thereby placing Defendants in a position of influence and superiority over your Plaintiff.

74.     Defendants concealed this material fact from Plaintiff with the intent to induce them into staying at the casino hotel so that Plaintiff will stay on premises and continue to gamble at the casino.

75.     Plaintiff acted in justifiable reliance on Defendants' representations when it offered the room to your Plaintiff.

76.     Plaintiff suffered significant physical harm and psychological distress as a result of her reliance on Defendants.

WHEREFORE, Plaintiff demands Judgment against Defendants Goldstrike, John Doe Company 1-10, and John Doe 1-10, joint and severally, for damages, attorney's fees, costs of suit, and other relief as a result of Defendants' fraudulent concealment.

### COMPENSATORY AND PUNITIVE DAMAGES

77.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though they were fully incorporated below.

78.     Plaintiff continues to struggle with sleeping at night because of these two incidents and has permanent scars as a result of the numerous bed bug bites she received. Plaintiff's injuries include pain and suffering, emotional distress, embarrassment, anxiety, humiliation, and economic loss.

79.     Upon information and belief, Defendants, in failing to take adequate steps to prevent the bed bug infestation or warn its guests of the presence of bed bugs, acted maliciously,

intentionally, willfully, deliberately and with reckless disregard of the risk of harm to the Plaintiff.

80. Upon information and belief, upper management and supervisors in Defendants' employ had actual and constructive knowledge of the presence of bed bugs in the hotel rooms and failed to act accordingly.

81. Plaintiff alleges that there was a high probability of harm from the foreseeable acts and omissions of the Defendants which were apparent and existed at all relevant times.

82. As a result of Defendants' reckless behavior, your Plaintiff has suffered severe and significant injuries and is entitled to punitive damages.

## JURY DEMAND

83. Please take notice that Plaintiff demands these issues be tried by a jury.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that this Court enter a judgment against the Defendants and award Plaintiff actual damages in the amount of $500,000.00 and award Plaintiff punitive damages for the above-described actions in the amount of $2,500,000. Plaintiff also prays for compensatory damages, damages for past, present, and future monetary loss; past, present, and future mental anguish; and past, present, and future general, special, and punitive damages as proved at trial. Plaintiff also prays for her attorney's fees, costs of litigation, and expenses. Plaintiff prays for any such other relief as this court deems just and proper.

Respectfully Submitted this the 18th day of October 2021

The Law Office of Adrienne Starling Moore, PLLC

***/s/Adrienne S. Moore*** 
Adrienne S. Moore, MSB 104700
5627 Getwell Road, Building B, Suite 6
Southaven, MS 38672
(662) 510-8044
adrienne@asmoorelaw.com